UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY RICHMOND, CHEF COURTNEY'S HOMEMADE BBQ SAUCE,<br><br>Plaintiffs,<br><br>vs.<br><br>NOLAN WEISE, BACKYARD SPECIALTY FOODS, MINNEHAHA COURT CLERKS OFFICE OF CIVIL,<br><br>Defendants. | 4:23-CV-04168-RAL<br><br><br>OPINION AND ORDER GRANTING MOTIONS TO DISMISS |

Plaintiff Courtney Richmond[1] brings this action alleging breach of contract, various due process violations, and trade secret claims, among others. Docs. 1, 15.[2] Defendants Nolan Weise and Backyard Specialty Foods (collectively, "Backyard Specialty") and Defendant Minnehaha County Clerk Courts ("Clerks Office") (collectively with Backyard Specialty, the "Defendants")

---

[1] This lawsuit initially named Courtney Richmond and Chef Courtney's Homemade BBQ Sauce as plaintiffs in this matter. See Doc. 1. Richmond has moved to amend the Complaint to remove Chef Courtney's Homemade BBQ Sauce as a plaintiff. Doc. 44. Based on the motion to amend, and because a pro se litigant may not represent a business entity anyway, see Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities." (cleaned up)), this Court treats Richmond as the only plaintiff.

[2] Doc. 1 is Richmond's original Complaint in this case, and Doc. 15, which Richmond labeled as "Complaint for petition of real property," appears to be either an amendment or a supplement to the original complaint. This Court liberally construes a pro se litigant's pleadings, Rush v. Ark. Dep't of Workforce Servs., 876 F.3d 1123, 1126 (8th Cir. 2017), so this Court will interpret Doc. 15 as supplementing the original claims and will consider the claims and statements made in both Docs. 1 and 15. Ultimately, however, whether this Court interprets Doc. 15 as a supplement or an amendment has no effect on the outcome of this case.

1

move to dismiss. Docs. 12, 20. Backyard Specialty argues Richmond has failed to demonstrate federal subject matter jurisdiction and is barred from bringing the action under res judicata. Doc. 9. The Clerks Office argues Rooker-Feldman and Eleventh Amendment immunity deprive this Court of subject matter jurisdiction over the action. Doc. 13. The Clerks Office also argues that the claims are subject to dismissal as nonjusticiable and for failure to state a claim upon which relief can be granted. Id.

In addition to the Defendants' pending motions to dismiss, Richmond has filed two Motions to Proceed to Jury Trial, Docs. 18, 23; a Motion for Default Judgment and Proceed to Trial Hearing, Doc. 36; and a Motion for Hearing, Doc. 38. Backyard Specialty has similarly moved for a hearing to address the pending motions. Doc. 30.

I. Facts

On January 15, 2016, Richmond entered a nondisclosure agreement with Backyard Specialty regarding Richmond's BBQ sauce recipe. Doc. 1-1 at 1–4. Backyard Specialty was interested in potentially purchasing Richmond's recipe but ultimately did not do so. See id.; Doc. 1. However, Richmond believed Backyard Specialty violated the nondisclosure agreement and initiated various state-court lawsuits for breach of contract against Backyard Specialty. See Doc. 1; Docs. 10-10, -11, -12, -15, -16. These lawsuits included a Lincoln County Circuit Court case by Richmond and Chef Courtney's Homemade BBQ Sauce against Backyard Specialty, 41 CIV. 19-000463, which was "dismissed without prejudice for lack of subject matter jurisdiction" in February 2020. Doc. 10-6. Richmond and Chef Courtney's Homemade BBQ Sauce followed that initial suit with a March 2020 suit for breach of the nondisclosure agreement in Minnehaha County Circuit Court against Backyard Specialty, 49 CIV. 20-000651. Docs. 10-9, -10. That court granted summary judgment to Backyard Specialty "on the merits, with prejudice" because Richmond and

Chef Courtney's Homemade BBQ Sauce did not "establish . . . a genuine issue of material fact for a jury to resolve as to Plaintiffs' allegation that [Backyard Specialty] breached" the nondisclosure agreement. Docs. 10-11, -12. Richmond and Chef Courtney's Homemade BBQ Sauce untimely appealed the dismissal, and the Supreme Court of South Dakota dismissed the appeal on May 17, 2021, Doc. 10-13, and subsequently denied a further motion for reinstatement of the appeal and to reopen the case on July 28, 2021, Doc. 10-14.

Richmond then sued Nolan Wiese; Carrie A. Miller; Woods, Fuller, Schultz & Smith, P.C.; and Barrell House in Minnehaha County Circuit Court in February 2021, 49 CIV. 21-000349, alleging appropriation of proprietary information under the South Dakota Trade Secrets Act, SDCL §§ 37-29-1–11. Doc. 10-15. That court dismissed the action "on the merits, with prejudice" "[a]fter hearing argument from counsel and based on the pleadings on file." Doc. 10-16. Richmond also filed, and lost, a couple of federal cases. See Richmond v. Backyard Specialty Foods, 17-cv-4074, Doc. 8 (dismissing "for lack of subject matter jurisdiction"); Richmond v. Wiese, 21-cv-4073, Doc. 50 (dismissing "for lack of subject matter jurisdiction").

**II.   Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction can be either facial or factual in nature. Moss v. United States, 895 F.3d 1091, 1097 (8th Cir. 2018); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In both circumstances, the plaintiff has the burden of proving subject matter jurisdiction. V S L.P. v. Dep't of Hous. & Urb. Dev., 235 F.3d 1109, 1112 (8th Cir. 2000). Under a facial attack, the "court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Jones v. United States, 727 F.3d 844, 846 (8th Cir. 2013) (citation omitted). "Courts must accept a plaintiff's factual

allegations as true" and make all inferences in the plaintiff's favor "but need not accept a plaintiff's legal conclusions." Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012).

In contrast, where there is a factual challenge to the court's subject matter jurisdiction, because "its very power to hear the case" is at issue, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," without transforming the motion into one for summary judgment. Osborn, 918 F.2d at 730 (citation omitted). In a factual attack on a court's jurisdiction, "the court considers matters outside the pleadings, and the non-moving party does not have the benefit of [Rule] 12(b)(6) safeguards." Id. at 729 n.6 (cleaned up). In deciding a factual challenge to subject matter jurisdiction, the court need not view the evidence in the light most favorable to the non-moving party. See id. at 729 n.6, 730.

### III. Analysis

"[F]ederal courts are courts of limited jurisdiction." United States v. Afremov, 611 F.3d 970, 975 (8th Cir. 2010). This Court "has a special obligation to consider whether it has subject matter jurisdiction in every case." Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011). "This obligation includes the concomitant responsibility to consider sua sponte the Court's subject matter jurisdiction where the Court believes that jurisdiction may be lacking." Id. (cleaned up and citation omitted).

Generally, federal courts have jurisdiction over an action under 28 U.S.C. §§ 1331 (federal question), 1332 (diversity), or 1367 (supplemental). Under § 1331, federal district courts have jurisdiction over cases arising out of federal law, including federal statutes and the United States Constitution. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); Cagle v. NHC

4

Healthcare-Maryland Heights, LLC, 78 F.4th 1061, 1066 (8th Cir. 2023). A district court may also have subject matter jurisdiction over state law claims where diversity of citizenship exists between the plaintiffs and defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Finally, a district court may exercise jurisdiction over state law claims that "form part of the same case or controversy" as other claims subject to the court's original jurisdiction. 28 U.S.C. § 1367. Sometimes, alleging original jurisdiction is not always enough to establish a court's power to hear a case because other bars to jurisdiction may exist. See, e.g., U.S. Const. amend. XI (recognizing state sovereign immunity); Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923) (describing a district court's lack of appellate jurisdiction over state court rulings); D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983) (same).

1. **Federal Subject Matter Jurisdiction for Claims Against Backyard Specialty**

Backyard Specialty argues Richmond has failed to allege federal subject matter jurisdiction. Doc. 9 at 4–5. Richmond does not allege any federal cause of action against Backyard Specialty sufficient to invoke federal question jurisdiction under 28 U.S.C. § 1331. Richmond mentions various federal statutes and constitutional provisions, including the Fourteenth Amendment and the Economic Espionage Act of 1996, Pub. L. 104-294, 110 Stat. 3488, among other criminal statutes, but Backyard Specialty is not subject to suit by Richmond under any of those statutes. See Meier v. City of St. Louis, 78 F.4th 1052, 1058 (8th Cir. 2023) (stating that "due process rights [under the Fourteenth Amendment] are protected only against infringement by state actors"); Edwards v. Edwards, 23-CV-4106, 2023 U.S. Dist. LEXIS 200724, at *25 (D.S.D. Nov. 6, 2023) ("It is well established that federal criminal statutes generally do not provide private rights of action." (citing Frison v. Zebro, 339 F.3d 994, 999 (8th Cir. 2003))); Chute v. Colvin, CIV. 11-5062, 2013 U.S. Dist. LEXIS 167915, at *4 n.1 (D.S.D. Nov. 26, 2013) (explaining that

private citizens "ha[ve] no authority to initiate a criminal prosecution" and that the "court has no authority to file criminal charges . . . [or] direct that criminal charges be filed").

Instead, Richmond relies on state law to allege a breach of contract, stating "[t]he Defendants have breached the contract and went and started doing as the contract says they are not to do," Doc. 1 at 5, and trade secret violations under South Dakota's Uniform Trade Secrets Act, see Doc. 1 (alleging a violation of "chapter 29 uniform trade secrets Act"); Doc. 15 (alleging violations of "Chapter 29 South Dakota uniform trade Secrets act, and misappropriation (infringement)"). Further, Richmond does not allege diversity jurisdiction under 28 U.S.C. § 1332 and instead alleges facts demonstrating that he and Defendants are all citizens of South Dakota. Doc. 15 at 1 (noting that Richmond and Defendants are "now and at all times mentioned in this Complaint . . . a resident of . . . South Dakota"). Richmond has neither alleged federal causes of action nor established diversity jurisdiction, so this Court does not have original jurisdiction over any claim against Backyard Specialty and cannot exercise supplemental jurisdiction over any others. See 28 U.S.C. § 1367 (allowing supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). Therefore, this Court lacks subject matter jurisdiction over Richmond's claims against Backyard Specialty.

### 2. Federal Subject Matter Jurisdiction for Claims Against Clerks Office

Richmond alleges multiple constitutional due process violations against the Clerks Office and, therefore, appears to have alleged federal causes of action sufficient to confer subject matter jurisdiction on this Court under § 1331. However, the Clerks Office argues that the Rooker-Feldman doctrine and Eleventh Amendment immunity bar federal jurisdiction over this action. This Court agrees.

### a. <u>Rooker-Feldman</u> Doctrine

Even if Richmond has alleged a federal cause of action, this Court still lacks subject matter jurisdiction under the <u>Rooker-Feldman</u> doctrine. The <u>Rooker-Feldman</u> doctrine takes its name from two decisions of the Supreme Court of the United States, <u>Rooker v. Fidelity Tr. Co.</u>, 263 U.S. 413 (1923), and <u>D.C. Ct. App. v. Feldman</u>, 460 U.S. 462 (1983). The doctrine holds that "only the United States Supreme Court has been given jurisdiction to review a state-court decision, so federal district courts generally lack subject-matter jurisdiction over attempted appeals from a state court judgment." <u>Friends of Lake View Sch. Dist. Inc. No. 25 v. Beebe</u>, 578 F.3d 753, 758 (8th Cir. 2009) (cleaned up and citations omitted). Both direct appeals and federal actions alleging claims that are "inextricably intertwined" with state court judgments constitute "appeals" for purposes of <u>Rooker-Feldman</u>. See <u>King v. City of Crestwood</u>, 899 F.3d 643, 647 (8th Cir. 2018) (citations omitted). The claims are "inextricably intertwined" if the federal claim will only succeed by determining the state court wrongly decided the issue. <u>Prince v. Ark. Bd. of Exam'rs in Psych.</u>, 380 F.3d 337, 341 (8th Cir. 2004).

To determine whether a federal action falls within this category of indirect "appeals" and violates <u>Rooker-Feldman</u>, the Eighth Circuit uses a four-part test: (1) the plaintiff lost in state court, (2) the plaintiff complains of injury arising from the state court judgment, (3) the action invites the district court to review and reject the state court ruling, and (4) the state court decision was rendered prior to the federal court action. <u>Fochtman v. Hendren Plastics, Inc.</u>, 47 F.4th 638, 643 (8th Cir. 2022) (explaining the circumstances in which the doctrine applies); <u>Healy v. Sup. Ct. of S.D.</u>, No. 23-CV-04118, 2023 U.S. Dist. LEXIS 224685, at *12 (D.S.D. Dec. 14, 2023) (numbering and applying the doctrine as a four-part test); see also <u>Exxon Mobil Corp. v. Saudi Basic Indus.</u>, 544 U.S. 280, 284 (2005).

The four parts of the Eighth Circuit's test demonstrate that the Rooker-Feldman doctrine applies to Richmond's claim against the Clerks Office. First, Richmond has lost in multiple state court actions. For example, in March 2020, Richmond and Chef Courtney's Homemade BBQ Sauce brought suit for breach of contract in Minnehaha County Circuit Court against Backyard Specialty, 49 CIV. 20-000651. Doc. 10-10. The court granted Backyard Specialty's motion for summary judgment "on the merits, with prejudice" because Richmond and Chef Courtney's Homemade BBQ Sauce "fail[ed] to establish that there is a genuine issue of material fact for a jury to resolve as to Plaintiffs' allegation that Defendants breached" the nondisclosure agreement. Docs. 10-11, -12. In February 2021, Richmond again sued Nolan Wiese and added Carrie A. Miller; Woods, Fuller, Schultz & Smith, P.C.; and Barrell House as defendants, 49 CIV. 21-000349, alleging appropriation of proprietary information under the South Dakota Trade Secrets Act, SDCL §§ 37-29-1–11. Doc. 10-15. The Minnehaha County Circuit Court dismissed the action "on the merits, with prejudice" "[a]fter hearing argument from counsel and based on the pleadings on file." Doc. 10-16. Therefore, the first element of the test to apply Rooker-Feldman is met.

Second, the state court judgments determining whether Backyard Specialty violated any of Richmond's rights in the barbecue sauce recipe caused the injury of which he complains. The Complaint alleges the Clerks Office violated Richmond's due process by refusing to file a 2019 lawsuit in the county, failing to grant a jury trial and properly present his case to the South Dakota Supreme Court on appeal, and by "frustrating the fairness of the proceedings by not going by the non disclosure [agreement] and deciding the case on personal opinions." Doc. 1 at 2. Essentially, Richmond argues that the Clerks Office violated his due process rights by their handling of his breach of contract cases, thereby demonstrating that the alleged due process injuries of which

Richmond complains all arise from the prior state-court judgments, which resolved his claims on the merits prior to a jury trial and which were not properly presented to the Supreme Court of South Dakota on appeal.

Third, to remedy such allegedly unconstitutional conduct, Richmond asks this Court to grant the same relief sought in the state actions: to give him a jury trial, to have his recipe returned, and to award damages for Backyard Specialty's supposed contract breach. This request "invites the district court to review and reject the state court ruling" that Richmond "provided no competent, record evidence that creates a factual question for the jury to resolve" and did not show any breach of contract; Richmond wants this Court to determine that there were constitutional due process errors affecting the prior proceedings and that he is entitled to a jury trial and relief despite the rulings in the prior state cases. Doc. 10-11 at 1; see also Fochtman, 47 F.4th at 643. Therefore, the third element is met.

The fourth and final requirement for the Rooker-Feldman doctrine to apply—that the state court judgments were rendered before Richmond initiated the present action—is also met. Judgment entered in the first suit on December 29, 2020, Doc. 10-12, and in the second suit on May 10, 2021, Doc. 10-16. Richmond did not file his Complaint and initiate this action until October 18, 2023. Doc. 1.

Accordingly, the Rooker-Feldman doctrine plainly applies to Richmond's claims against the Clerks Office and prevents consideration of any federal causes of action by depriving this Court of subject matter jurisdiction over the case. Lacking jurisdiction, this Court dismisses all of Richmond's claims.

b. **Immunity**

Even if Rooker-Feldman did not bar these claims, Eleventh Amendment immunity would. The Eleventh Amendment limits federal jurisdiction, explaining federal jurisdiction generally does not "extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI; see also Webb v. City of Maplewood, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."). The Eleventh Amendment bars suit against a state entity, as opposed to a state official, regardless of whether money damages or injunctive relief is sought. Cory v. White, 457 U.S. 85, 90–91 (1982); see also Denke v. S.D. Dep't of Soc. Servs., 829 F.2d 688, 689 (8th Cir. 1987) (recognizing the Eleventh Amendment bars suits "against the state or one of its agencies").

The judiciary of South Dakota, which includes the clerk of courts offices for the circuit courts, is a state entity subject to Eleventh Amendment immunity. S.D. Const. art. II (identifying the judiciary as one of the state government's "distinct departments"); S.D. Const. art. V, § 1 (vesting judicial power "in a unified judicial system consisting of a Supreme Court, circuit courts of general jurisdiction and courts of limited original jurisdiction"); Muters v. Schimmel, 217 N.W.2d 149, 150 (S.D. 1974) (explaining the "clerk of courts is an officer of the court," suggesting the clerk of courts office is part of the court). Therefore, Richmond's claims against the Clerks Office are barred.

**IV.    Conclusion**

For the reasons explained, it is

ORDERED that Defendants' Motions to Dismiss for lack of subject matter jurisdiction, Docs. 12, 20, are granted. It is further

ORDERED that all other pending motions are denied.

DATED this 26th day of April, 2024.

                                    BY THE COURT:

                                    ROBERTO A. LANGE
                                    CHIEF JUDGE